IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES DALTON BELL, | § | |
| | § | |
| v. | § | CA. NO. C-07-462 |
| | § | |
| UNITED STATES OF | § | |
| AMERICA, ET AL.[1] | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS PETITION WITHOUT PREJUDICE**

On December 3, 2007, petitioner James Dalton Bell filed a habeas petition pursuant to 28 U.S.C. § 2241. (D.E. 1). It is respectfully recommended that this Court dismiss the action without prejudice for lack of jurisdiction.

## BACKGROUND

Petitioner is currently incarcerated in the United States Penitentiary ("USP") in Tucson, Arizona. His petition filed pursuant to § 2241 is "for all pending and past criminal cases and prisonsers." (D.E. 1, at 1). He argues that this Court as well as all other federal courts lack jurisdiction in criminal actions because the

---

[1] Although petitioner does not name a respondent, the warden of United States Penitentiary in Tucson, Arizona as petitioner's custodian is the proper respondent in this habeas action. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales).

criminal code in Title 18 does not exist due to a defect in the passage of a Congressional bill. Id. at 3. He seeks various relief, including a court appointed attorney, a finding that the criminal code was not legally enacted and that all federal courts have lacked jurisdiction over criminal actions since 1948, the vacation of all sentences and convictions for all defendants, and a return of all money seized from all defendants. Id. at 20.

## DISCUSSION

Petitioner has filed a challenge to the manner in which the BOP calculates the length of his sentence. The proper vehicle for such a challenge is a habeas petition brought pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition filed on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration.") (citations omitted); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988) (explaining that claims for credit for time served prior to federal sentence are brought pursuant to § 2241).

Federal law and the Fifth Circuit have established that this Court lacks jurisdiction to entertain this § 2241 petition. 28 U.S.C. § 2241(a); see also Pack, 218 F.3d at 451 (explaining that § 2241 petitions "must be filed in the same district where the prisoner is incarcerated") (citations omitted); Blau v. United States, 566

F.2d 526, 527 (5th Cir. 1978) (per curiam) (district court has no jurisdiction to consider § 2241 petition unless prisoner or custodian located within district). Petitioner is currently incarcerated at USP Tuscon in Pima County, Arizona, which is located in the Tucson Division of the District of Arizona.  28 U.S.C. § 82.  As long as he is incarcerated in USP Tucson, petitioner must file any § 2241 petition in that court.[2]

The Fifth Circuit has explained that this Court does not have jurisdiction to address petitioner's § 2241 claim, nor does it have discretion to transfer a petition over which it lacks jurisdiction.  Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001).  Rather, the Court is required to dismiss the motion without prejudice.  Id. at 375 ("[Petitioner]'s § 2241 petition for habeas corpus relief must be dismissed without prejudice.  [He] may file the petition in the appropriate court if he desires.").  Accordingly, it is respectfully recommended that petitioner's § 2241 habeas claim be dismissed without prejudice for lack of jurisdiction.  See Pack, 218 F.3d at 454 (citing Fed. R. Civ. P. 41(b); Costello v. United States, 365 U.S. 265 (1961)).

---

[2] The law also requires that a petitioner exhaust available administrative remedies through the BOP before challenging a sentence computation matter in federal court.  See United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990).

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that petitioner's habeas claim be dismissed without prejudice.

Respectfully submitted this 7th day of Demember 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).